UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE
CASE NO. 3:16-cv-00058-JRG-HBG

**TIMOTHY JOHN HOOD**, Individually, and As
Parent and Statutory Guardian of S.H., a Minor

AND

**JESSICA HOOD**, Individually, and As Parent of
S.H., a Minor,                                          PLAINTIFFS,

VS.

**CABINS FOR YOU, LLC**

AND

**IGLOO INVESTMENTS, LLC**

AND

**JERRY WILLIAMS D/B/A
CAROUSEL KIDS**

AND

**JAMES AND TERRI SCOUNTAS
D/B/A OUTDOOR SPAS**

AND

**WATKINS MANUFACTURING CORPORATION** and
Its Subsidiary, **AMERICAN HYDROTHERAPY SYSTEMS, LLC**
As Successor In Interest to **FREE FLOW PRODUCTS, INC**,    DEFENDANTS.

---

# MEMORANDUM
(Joint Motion for Leave to File Unredacted Documents Under Seal)

---

Come now all parties, by and through their respective counsel, and submit the following memorandum in support of their joint motion for leave to file under seal an unredacted copy of their joint motion for approval of settlement including certain exhibits and affidavits:

## STATEMENT OF CASE

As set out in previous pleadings, this action was brought on behalf of a now five-year-old child, S.H., who suffered a serious injury on October 8, 2015 while her family was staying at a resort cabin located near Sevierville, Tennessee. She was sitting on a bench in the hot tub when the lower portion of her body was suddenly sucked into a filtration system causing both a rectal prolapse and extensive perianal bruising.

In this action, her parents sought to recover special compensatory and punitive damages as a result of physical injuries S.H. sustained in that accident and her continued post-traumatic stress. The parents also asserted claims for infliction of emotional distress. (Doc#: 1, Page ID#: 1-10)

Named as the original defendants were the cabin owner, Igloo Investments, LLC, and its management company, Cabins For You, LLC. Later joined by amended complaint were the putative manufacturer, Free Flow Products, Inc., and its successors in interest, American Hydrotherapy Systems, LLC, and Watkins Manufacturing Corporation. Also named were two contractors responsible for the

2

maintenance and repair of the hot tub: Jerry Williams doing business as Carousel Kids as well as James and Terri Scourtas of Outdoor Spas. (Doc#: 65, Page ID#: 620-640)

During the course of the action, the parties exchanged initial disclosures as well as other responses to written discovery. This included the Minor Child's medical records detailing her treatment for injuries sustained in this accident. That exchange, however, was subject to an agreed protective order so to recognize the child's right of privacy rules under HIPAA. (Doc#: 25, Page ID#: 100-102)

Upon completion of this written discovery, a private mediation conference was held in this matter on February 13, 2017. As a result of those negotiations, a global settlement was reached in satisfaction of all claims between all parties. Pursuant to the parties' agreement, the terms of the settlement are to remain confidential except for disclosures necessary for Court approval. (See Motion for Approval of Settlement-Exhibit 10.)

Prior to mediation, Mr. Hood had been appointed as his daughter's statutory guardian, sought approval by the Madison District Court in Richmond, Kentucky where the family lives. (See Motion for Approval of Settlement-Exhibit 15.)

The Hoods now seek additional approval from this Court. Toward this end, they are now filing an unredacted motion under seal with a separate redacted copy which deletes information that is specific to the Minor Child and the parties'

agreement. Plaintiffs ask that the unredacted motion for settlement remain under seal.

## ARGUMENT

It has long been recognized that every Court has supervisory power over its own records and files. <u>Nixon vs. Warner Communications</u>, 435 U.S. 589, 598 (1977). It is within its discretion to seal the records "when interests of privacy outweigh the public's right to know." <u>In Re Knoxville News Sentinel Co.</u>, 723 F. 2d 470, 474 (6th Cir. 1983) [quoting from <u>Brown & Williamson Tobacco Corp. vs. FTC</u>, 710 F. 2d 1165, 1179 (6th Cir. 1983)]; <u>In Re Halkin</u>, 598 F. 2d 176, 190-192 (D.C. Cir. 1979); <u>Ottaway Newspapers, Inc. vs. Appeals Court</u>, 362 N.E. 2d 1189 (1977).

In accordance with the general principles set out in these cases Plaintiffs do not seek a "blanket order" that would preclude all information contained within the motion for approval. Rather, they ask that portions dealing with the Minor Child's injuries as well as her medical treatment and the details of the confidential settlement be redacted from the public record. They also ask that certain documents and affidavits be excluded as privileged.

In accordance with Rule 5.2(a), the parties have throughout the course of this action identified the Minor Child by her initials, S.H. Plaintiffs continue this same reference throughout both of the present motions concurrently filed.

4

Plaintiffs have also redacted portions of the motion describing the Minor Child's medical treatment and the expenses incurred on her behalf. As mentioned previously, the parties had entered into an Agreed Protective Order which allowed the exchange of these records but required that they be returned to the provider or destroyed at the conclusion of the litigation. (Doc#: 25, Page ID: 101-102)

So the Court can be better apprised as to the extent of the Minor Child's injuries and residuals, the motion for approval provides a summary of her medical treatment as well as the actual records outlining that treatment. By doing so, however, Plaintiffs do not intend to make public their daughter's very private records.

This position is consistent with case law. In <u>Whalen vs. Rowe</u>, 429 U.S. 589 (1977), the Supreme Court implicitly recognized a privacy interest protected by the Fourteenth Amendment including those inherent to a doctor-patient relationship and the individual's interest in avoiding disclosure of personal matters. *Id.* at 599 The Sixth Circuit has acknowledged that the same privacy concerns extend to medical records which should not be revealed without legitimate grounds. <u>Gutierrez vs. Lynch</u>, 826 F. 2d 1534, 1539 (6th Cir. 1987); <u>Mann vs. University of Cincinnati</u>, 824 F. Supp. 1190 (S.D. Ohio 1993).

5

The need for protecting her private medical information has since been codified in the Health Insurance Portability and Accountability Act 42 U.S.C. 1320d *et seq*.

In the instant case, there is no specific public need for the disclosure of S.H.'s injuries or her medical records. When weighing the individual privacy interests, the balance is wholly in favor of protecting the Minor Child from any exposure that may prove embarrassing and may have a dramatic effect upon her later life.

Within the unredacted motion, Plaintiffs do describe in details the terms of the settlement reached as well as the allocation of the funds. The settlement agreement, however, requires the parties to hold such information confidential. All of the parties have a substantial interest in preventing this information from being published in the public forum.

In the case of Goodyear Tire & Rubber Co. vs. Chiles Power Supply, Inc., 332 F. 3d 976 (6th Cir. 2003), the Court of Appeals held that any supposed "need" for the disclosure of settlement terms were outweighed by the legitimate concern for maintaining the confidentiality of all negotiations:

> There exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations. This is true whether settlement negotiations are done under the auspices of the court or informally between the parties. The ability to negotiate and settle a case without trial fosters a more efficient, more cost-effective, and significantly less burdened

6

> judicial system. In order for settlement talks to be effective, parties must feel uninhibited in their communications. Parties are unlikely to propose the types of compromises that most effectively lead to settlement unless they are confident that their proposed solutions cannot be used on cross examination, under the ruse of "impeachment evidence," by some future third party. Parties must be able to abandon their adversarial tendencies to some degree. They must be able to make hypothetical concessions, offer creative quid pro quos, and generally make statements that would otherwise belie their litigation efforts. Without a privilege, parties would more often forego negotiations for the relative formality of trial. Then, the entire negotiation process collapses upon itself, and the judicial efficiency it fosters is lost.
>
> 332 F. 3d at 980

Within their memorandum seeking approval of the settlement, Plaintiffs disclose the terms of their contingency fee and cost arrangement with their counsel. Also, details are provided regarding equivalent hourly rates.

Again, Plaintiffs rely upon the work product and attorney-client privileges recognized in Rule 502 of the Federal Rules of Evidence to exclude and redact those portions from its motion as well as supporting affidavits. Counsel specifically maintains that the invoices show litigation strategy and the specific nature of the services provided which remain privileged. See <u>Evenflo Co., Inc. vs. Hantech Agents, Ltd.</u>, 2006 U.S. Dist. LEXIS 74684 (S.D. Ohio 2006).

Finally, deference should be extended to the Kentucky Court as it is the Minor Child's home state. The Madison District Court in this instance has sealed the entire probate file relevant to Mr. Hood's guardianship excluding the order of

appointment. Included is its order approving the settlement and allocation of the lump sum proceeds.

Such is consistent with KRS § 387.770(1) which provides in part:

> All determinations of disability and orders of appointment, modification, and termination shall be filed as public records with the clerk of the court. All other court records of a respondent made in all proceedings under *KRS 387.500* to *387.770* shall be confidential and shall not be open to the general public except as provided in subsection (3) of this section.

Subsection (3) does allow persons to file a motion to obtain confidential information but only upon a showing that "the disclosure is appropriate under the circumstances and in the best interest of the person and/or public."

In doing so, the statute presumes the confidentiality of a settlement involving a minor. It allows for public dissemination only if good cause is first shown by the party seeking disclosure. Plaintiffs believe that this Court should adopt the same policy where the balance is clearly in favor of protecting private interest of the Minor Child.

## **CONCLUSION**

For the foregoing reasons, Plaintiff **Timothy John Hood**, individually and as father and statutory guardian of the Minor Child, **S.H.**, and Plaintiff **Jessica Hood**, individually and as mother of the Minor Child, **S.H.**, pray that an order be
8

Case 3:16-cv-00058-JRG-HBG   Document 85 *SEALED*   Filed 03/31/17   Page 8 of 11
PageID #: 840

entered allowing leave to file under seal certain information that is confidential to both their daughter and the settlement reached.

                                                Kelley, Brown & Breeding, PSC
P. O. Drawer 490
London, Kentucky 40743-0490
Telephone: 606-878-7640
Facsimile: 606-878-2364
Email: jfkelley@kbblaw.net

By:   /s/ John F. Kelley, Jr.
       Counsel for Plaintiffs Timothy John
       Hood, Jessica Hood and S.H., a minor

**SEEN AND AGREED TO BY**:

/s/ Adam F. Rust, Esq.
*Counsel for Defendant Cabins For You, LLC*

/s/ David E. Long, Esq.
*Counsel for Defendant Cabins For You, LLC*

/s/ Rick L. Powers, Esq.
*Counsel for Defendant Cabins For You, LLC*

/s/ Emily L. Herman-Thompson, Esq.
*Counsel for Defendant Igloo Investments, LLC*

/s/ W. Tyler Chastain, Esq.
*Counsel for Defendant Jerry Williams*
*d/b/a Carousel Kids*

/s/ P. Alexander Vogel, Esq.
*Counsel for Defendants James & Terri Scountas*
*d/b/a Outdoor Spas*

/s/ J. Paul Brewer, Esq.
*Counsel for Defendant*
*Watkins Manufacturing Corporation*

9

Case 3:16-cv-00058-JRG-HBG   Document 85 *SEALED*   Filed 03/31/17   Page 9 of 11
PageID #: 841

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy was served through this Court's CM/ECF electronic filing system to the following:

Adam F. Rust, Esq.      adam.rust@leitnerfirm.com
David E. Long, Esq.      david.long@leitnerfirm.com
Leitner, Williams, Dooley & Napolitan
900 S. Gay Street-Ste. 1800
Knoxville, TN 37902
*Counsel for Defendant Cabins For You, LLC*

Emily L. Herman-Thompson, Esq.      ethompson@boatlf.com
John W. Baker, Jr., Esq.      jbaker@boatlf.com
Baker, O'Kane, Atkins & Thompson, PLLP
P.O. Box 1708
Knoxville, TN 37901-1708
*Counsel for Defendant Igloo Investments, LLC*

Rick L. Powers, Esq.      rpowers@adhknox.com
Broderick L. Young, Esq.      byoung@adhknox.com
Arnett, Draper & Hagood, LLP
P.O. Box 300
Knoxville, TN 37901-0300
*Co-Counsel for Defendant Cabins For You, LLC*

W. Tyler Chastain, Esq.      wtylerc@bsmlaw.com
Bernstein, Stair & McAdams, LLP
116 Agnes Road
Knoxville, TN 37919
*Counsel for Defendant Jerry Williams*
*d/b/a Carousel Kids*

P. Alexander Vogel, Esq.      avogel@opw.com
O'Neil, Parker & Williamson
7610 Gleason Drive-Ste. 200
Knoxville, TN 37919
*Counsel for Defendants James Scountas and*
*Terri Scountas d/b/a Outdoor Spas*

10

Case 3:16-cv-00058-JRG-HBG   Document 85 *SEALED*   Filed 03/31/17   Page 10 of 11
PageID #: 842

J. Paul Brewer, Esq.  paul.brewer@mgclaw.com
McAgnus, Goudelock & Courie, LLC
P.O. Box 198349
Nashville, TN 37219
*Counsel for Defendant*
*Watkins Manufacturing Corporation*

Charles E. Pierce, Esq.  cepierce@mijs.com
Moore Ingram Johnson & Steele, LLP
408 N. Cedar Bluff Road-Ste 500
Knoxville, TN 37923
*Co-Counsel for Defendant*
*Watkins Manufacturing Corporation*

William R. Johnson, Esq.  wrj@mijs.com
Moore, Ingram, Johnson & Steele, LLP
326 Roswell Street
Marietta, GA 30060
*Co-Counsel for Defendant*
*Watkins Manufacturing Corporation*

All on the 31st day of March, 2017.

/s/ John F. Kelley, Jr.
Of Counsel for Plaintiffs